# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| David Jackson, Jr., #242159, ) | |
| ) | Civil Action No. 6:04-22601-TLW-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Colie L. Rushton, Warden, McCormick ) | |
| Correctional Institution; and Henry ) | |
| McMaster, Attorney General for ) | |
| South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## FACTS PRESENTED

The record reveals that the petitioner is currently confined at the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to an order of the Clerk of Court for Greenville County. The petitioner was indicted at the July 1996 term of the Greenville County Court of General Sessions for murder (96-GS-23-4378).

The petitioner was represented at the trial level by James Mann. On June 23-24, 1997, he appeared before the Honorable Gary E. Clary and a jury where he was found guilty as charged. Judge Clary sentenced the petitioner to life imprisonment.

The petitioner filed a timely notice of appeal. The South Carolina Supreme Court issued an Order of Dismissal on February 3, 1998, "due to the failure of appellant to serve and file initial brief and designation of matter." The remittitur was issued on February 20, 1998.

On January 13, 1999, the petitioner filed an application for post-conviction relief (PCR) in the state circuit court. In this application, the petitioner raised the following claims (verbatim):

> (a) Ineffective assistance of counsel;
>
> (b) Failure of trial counsel to perfect an appeal (State v. White);
>
> (c) Failure of Department of Corrections to give credit for pretrial detention.

Represented by Graves H. Wilson and J. Faulkner Wilkes, the petitioner's PCR case was heard by the Honorable Wyatt T. Saunders, Jr., on February 28, 2001. On March 12, 2001, Judge Saunders issued an order granting post-conviction relief, finding counsel rendered ineffective assistance in failing to request a jury charge on self-defense.

The State filed a timely notice of appeal. In the petition for writ of certiorari, the State presented the following issues for relief:

> 1. Did the PCR Court err in finding that trial counsel's representation fell below reasonable professional norms for failing to request a self-defense jury instruction where the evidence presented at trial did not warrant a self-defense charge?
>
> 2. Did the PCR Court err in finding that Respondent was prejudiced by trial counsel's alleged deficient representation where the Respondent did not carry his burden of proof to show a reasonable probability that the outcome would be different?
>
> 3. Did the PCR Court err in finding that trial counsel's representation was deficient for failing to request a self-defense jury instruction where there was overwhelming evidence of the Respondent's guilt?

By order dated April 3, 2002, the South Carolina Supreme Court granted the petition and ordered briefing of the issues. On July 21, 2003, the South Carolina Supreme Court reversed the PCR judge's order. The court found trial counsel was ineffective for failing to request a self-defense charge but that the petitioner was not prejudiced by the counsel's failure. *Jackson v. State*, Op. No. 25678 (Filed July 21, 2003). On October 2, 2003, the petitioner's petition for rehearing was denied, and the case was remitted to the trial court.

On October 1, 2004, the petitioner filed this *pro se* petition for writ of habeas corpus raising the following grounds for relief (verbatim):

> **Ground One**: Denial of effective assistance of counsel.
>
> Attny. James Mann was my initial attorney. Mr. Mann did not bring forth all facts nor did he ask hardley any questions during the trial. The PCR Judge also felt Mr. Mann did not represent me effectively. When the Justice was aware of certain details he was shocked to hear Atty. Mann never brought up certain details such as the hammer I was hit with repeately. . . . If my trial counsel would have represented me properly there is a high probability that my sentence would not have been life.

(Pet. 4-5).

On February 7, 2005, the respondents filed a motion for summary judgment. By order of this court filed February 9, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the respondents' motion. On March 14, 2005, the plaintiff filed a response to the respondents' motion for summary judgment.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

3

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

When presented with an application for habeas relief, the first inquiry is to determine whether the claim raised on habeas was "adjudicated on the merits" by the state court. 28 U.S.C.A. § 2254(d); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999), aff'd, 120 S.Ct. 727 (2000). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable, application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. §2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). If, however, "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits . . ., our review of questions of law and mixed questions of law and fact is de novo." *Weeks*, 176 F.3d at 258.

## ANALYSIS

The respondents have filed a motion for summary judgment alleging the petitioner's petition should be dismissed as untimely. Section 2244(d)(1) provides a one-year statute of limitations in which state prisoners can file applications for a writ of habeas corpus. 28 U.S.C. §2244(d)(1). The one-year period generally runs from the date on which the state criminal judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). Section 2244 also has a tolling provision which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

The petitioner filed this petition for habeas relief on January 12, 2005. His state conviction became final for the purposes of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") on February 20, 1998, when the South Carolina Supreme Court dismissed the petitioner's direct appeal as abandoned and remitted the case to the trial court. His state PCR action was filed on January 13, 1999, and PCR judge issued an order granting relief on March 12, 2001. However, on July 21, 2003, the South Carolina Supreme Court reversed the PCR judge's order. On October 2, 2003, the petitioner's petition for rehearing was denied, and the case was remitted to the trial court.

The limitations period began to run on February 20, 1998, and so had already run for 327 days when the petitioner filed his state PCR action on January 13, 1999. The period of limitations was tolled from January 13, 1999, until October 2, 2003, when the South Carolina Supreme Court reversed the PCR judge and remitted the case to trial court. See, e.g., 28 U.S.C. §2244(d)(2). The "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Pearson v. North Carolina*, 130 F.Supp.2d 742 (W.D.N.C. 2001). "If the one-year period

5

began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court." *Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000).

Because 327 days of the one-year time limit had already elapsed prior to the filing of the state PCR action, the petitioner was left with 38 days to file this habeas action once the South Carolina Supreme Court denied his petition for rehearing and remitted the case to the circuit court, i.e., the petitioner had until November 9, 2003, to file this habeas action. The petitioner, however, did not file this habeas action until October 1, 2004 – 326 days too late. Accordingly, his petition is not timely and should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

> s/William M. Catoe
> United States Magistrate Judge

June 10, 2005

Greenville, South Carolina