IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DAVID JACKSON, JR., #242159, | ) | C.A. No. 6:04-22601-TLW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **WRITTEN OPINION AND ORDER** |
| | ) | |
| COLIE L. RUSHTON, WARDEN, | ) | |
| MCCORMICK CORRECTIONAL | ) | |
| INSTITUTION; AND HENRY | ) | |
| MCMASTER, ATTORNEY GENERAL | ) | |
| FOR SOUTH CAROLINA , | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

In this *pro se* case, the *pro se* petitioner, a state prisoner serving a life sentence following his conviction for murder, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his petition, the petitioner alleges that he received ineffective assistance of trial counsel. The respondents deny these allegations and have filed a motion for summary judgment.

In its motion for summary judgment, the respondents argue that the instant petition was untimely filed and should be dismissed. As well, as to the merits of the petitioner's claims, the respondents argue that the claims simply fail to establish a claim for relief, since "the decisions of the state courts are sustainable under the highly deferential standard of federal review."

On February 9, 2005, an Order was filed advising the petitioner that a motion for summary judgment had been filed and that a failure to adequately respond could result in the instant petition being dismissed. The plaintiff has filed a response opposing the respondents' motion for summary judgment.

This matter now comes before the undersigned for review of the June 10, 2005, Report and Recommendation ("the Report") filed by United States Magistrate Judge William

---

[1]The petitioner is currently incarcerated at the McCormick Correctional Institution within the South Carolina Department of Corrections.

1

M. Catoe, to whom this case had previously been assigned. In his Report, Magistrate Judge Catoe recommends that the respondents' motion for summary judgment be granted. As reasoned by the Magistrate Judge:

> ...[the petitioner's instant petition for habeas corpus] is not timely and should be dismissed.

The petitioner has filed objections to the Report.[2]

In conducting its review of the Report and the objections filed thereto, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed, *de novo*, the Report and the objections thereto. The Court accepts the Report in its entirety.

---

[2]It is unclear to the Court exactly upon what legal basis the petitioner objects to the Magistrate Judge's conclusion that this case should be dismissed. On the issue of timeliness, the petitioner asserts verbatim that:

> My objections to Judge William M. Catoe's Report and Recommendation about my petition being not timely is incorrect. Because I followed the states process, as a series of stages, to get to preceded to habeas corpus action.

(Petitioner's Objections p. 3).

Further, the undersigned notes that, following his conviction for murder in state court, the petitioner sought post conviction relief on the grounds of ineffective assistance of counsel as trial counsel failed to request a jury charge of self defense. The state circuit court granted relief by setting aside the petitioner's conviction and ordering a new trial. The State of South Carolina appealed. On appeal, the South Carolina Supreme Court reversed the circuit court's granting of a new trial. The Supreme Court held that while the evidence at petitioner's trial warranted the giving of a self-defense charge, the petitioner was not prejudiced by the failure of counsel to request one. In particular, the South Carolina Supreme Court reasoned as follows:

> The State contends Jackson was not prejudiced by trial counsel's failure to request a self-defense charge. We agree.
>
> In Ford v. State, 314 S.C. 245, 442 S.E.2d 604 (1994), the Court found that, while trial counsel provided deficient representation by failing to request an alibi charge, the PCR applicant was not prejudiced because, in light of the overwhelming evidence, there was not a reasonable probability that, had the charge been given, the outcome of trial would have been different. Similarly, in Battle v. State, 305 S.C. 460, 409 S.E.2d 400 (1991), the Court suggested that prejudice does not automatically result from the conclusion that trial counsel provided deficient performance by failing to request a particular charge. *See also* Stone v. State, 294 S.C. 286, 288, 363 S.E.2d 903, 904 (1988) ("because the State's case rested primarily on the testimony of the victim and police officers, [PCR applicant] was prejudiced by counsel's failure to request [self-defense] instruction.").
>
> Our confidence in the outcome of Jackson's trial is not undermined by his failure to receive a self-defense charge. Jackson's testimony was unsupported by the physical evidence and highly incredible.
>
> First, Smith had been shot six times, once in the back. At least four of the gunshot wounds were made from a downward angle, contrary to Jackson's statement he fired the gun in an upward angle. Furthermore, contrary to Jackson's testimony, forensic tests revealed Smith had no gunshot residue on her hands, indicating she had not fired a gun before her death.

> Second, while the twenty-five caliber handgun was not recovered, ammunition and a magazine for a twenty-five caliber handgun were recovered from Jackson's bedroom. Jackson testified he did not know what happened to the weapon he used to shoot Smith.
>
> Third, Jackson gave inconsistent statements and testified he did not remember noteworthy events. For instance, Jackson initially told the police he and Smith had a verbal argument and she walked away. He also testified he did not recall Smith's mother and sister coming to his home and inquiring as to Smith's whereabouts shortly after the shooting. He stated he did not remember the encounter even though Smith's sister physically knocked him to the ground.
>
> Accordingly, while Jackson would have been entitled to a self-defense charge, we conclude the instruction would not have affected the outcome of trial due to the overwhelming evidence of Jackson's guilt. [footnote omitted] Since the PCR judge's order is not supported by competent evidence, we reverse. Holland v. State, *supra*.
>
> Jackson v. State, 355 S.C. 568, 573-575 (2003).

Although this issue warrants careful consideration, this Court finds no basis to disagree with the state Supreme Court's analysis of it.

In sum, a *de novo* review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is **ORDERED** that the respondents' motion to for summary judgment is **GRANTED**. The instant habeas corpus petition is **DISMISSED**.

**IT IS SO ORDERED.**

                                            s/ Terry L. Wooten
                                            Terry L. Wooten
                                            United States District Court Judge

July 13, 2005
Florence, South Carolina